IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELVIN MARTINEZ,<br>    Plaintiff<br><br>v.<br><br>UNUM LIFE INSURANCE<br>COMPANY OF AMERICA,<br>    Defendant | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO.<br>§   5:25-cv-650<br>§<br>§<br>§<br>§ |

### PLAINTIFF'S ORIGINAL COMPLAINT

Unum Life Insurance Company of America wrongfully denied Melvin Martinez's claim for accidental death benefits due him as a result of the death of his son Christopher Martinez.

### PARTIES

1.   Plaintiff Melvin Martinez is a resident of San Antonio, Bexar County, Texas.

2.   Defendant Unum Life Insurance Company of America (Unum) is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

1

## JURISDICTION AND VENUE

3.  This lawsuit is a claim for accidental death benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has jurisdiction over this claim for accidental death benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. §1132(e)(2) as the breach of the obligation to pay Martinez accidental death benefits under the group policy insuring the life of his son Christopher Martinez occurred in San Antonio, Bexar County, Texas.

## STATEMENT OF FACTS

4.  Christopher Martinez worked as a sales representative for Molson Coors Brewing in San Diego, California. By virtue of his employment, Christopher had life insurance coverage under a group policy insuring employees of Molson. The life insurance included both basic life insurance and accidental death benefits. Christopher Martinez named his father Melvin Martinez as sole beneficiary of his life insurance policy. The life insurance group policy is underwritten and administered by Unum.

5.  On November 2, 2022, Christopher Martinez's employer called 911 and requested a welfare check at Christopher's apartment because he had not been at work for approximately one week. The San Diego police department went to Christopher's apartment in La Jolla and found him dead. He was hanging off the edge of his bed. His body was in a state of decomposition.

6. An investigation and autopsy were performed by the San Diego County Medical Examiner's office. The final amended report, not issued until May of 2024, concluded that the cause and manner of Christopher's death could not be determined. The final amended death certificate issued by the San Diego's coroner's office in August of 2024 indicated that the cause and manner of Christopher's death could not be determined.

7. Melvin Martinez submitted a life insurance claim to Unum. Unum paid the basic life insurance benefit to Melvin Martinez but denied Martinez's claim for accidental death benefits. Unum sent the written adverse benefit determination to Melvin Martinez on December 5, 2024, indicating that accidental death benefits were not payable under the policy because the cause of death could not be determined.

8. Martinez appealed the denial of benefits. He noted that Christopher routinely worked out at the gym and the evidence indicated that he worked out at the gym on the day of his death. He pointed out that the underlying facts indicated that, in all probability, Christopher's death was an unexpected sudden cardiac death. Melvin Martinez also noted that due to the facts surrounding Christopher's death it would have been considered an "accidental death" by the Social Security Administration. He provided a copy of the portion of the Program Operations Manual System (POMS) of the Social Security Administration that addresses accidental death.

9. Unum denied Melvin Martinez's appeal in a letter dated February 7, 2025, asserting that there was insufficient proof that Christopher Martinez died of an accident, and that if he died a sudden cardiac death, his hypertension, even though it was under control with medication, contributed to his death and was therefore excluded. In the letter, Unum notified Martinez that he had exhausted his rights of administrative appeal and his only remaining recourse was to file suit under Section 502 of ERISA.

**Exhaustion of Appeal Requirements**

10. Martinez exhausted the administrative appeal requirements of ERISA and the Unum LTD group policy and therefore has the right to bring this action.

**The Decision to Deny Martinez Accidental Death Benefits Was Contrary to the Preponderance of the Evidence and Also Was an Abuse of Discretion**

11. The preponderance of the evidence indicates that Christopher Martinez's death was sudden, unforeseen, and unexpected, and not caused by any underlying disease. In other words, it was an accident. Melvin Martinez is entitled to accidental death benefits under the policy.

12. In the unlikely event that Unum is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion standard of review, Unum abused its discretion in denying Martinez's claim for accidental death benefits.

13. Unum's decision to deny Martinez's claim for accidental death benefits resulted in Unum saving money, as Unum is both the decision-maker and the

4

underwriter of accidental death benefits.  As a result, Unum acted under a conflict of interest when it denied Martinez's claim for accidental death benefits.  If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether Unum abused its discretion in denying Martinez's claim for accidental death benefits.

## CAUSE OF ACTION

### Claim for Accidental Death Benefits
### Under 29 U.S.C. §1132(a)(1)(B) of ERISA

14.  Under the life insurance policy, Unum is required to pay two times Christopher Martinez's annual salary if he died an accidental death.  The accidental death benefit under the policy is $294,000.  Because Christopher Martinez's death was an accident, Melvin Martinez is entitled to a death benefit of $294,000.

## RELIEF REQUESTED

15.  Unum owes Melvin Martinez $294,000 in accidental death benefits. Martinez seeks judgment against Unum in that amount, plus any interest that is owed.

## ATTORNEY'S FEES

16.  Martinez requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

5

## **CONCLUSION**

Martinez requests accidental death benefits in the amount of $294,000, and any interest on that amount that is owed by Unum. He also requests his attorney's fees, pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Melvin Martinez**